UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

**DONALD RAY LUCAS**                                                                                    **PLAINTIFF**

**v.**                                                                             **CIVIL ACTION NO. 3:06CV-261-S**

**NANCY BOWMAN**
**JANE AND JOHN DOES**                                                                                **DEFENDANTS**

## MEMORANDUM OPINION

Plaintiff Donald Ray Lucas, who is currently a non-prisoner, filed the instant *pro se* action while he was a prisoner at the Kentucky State Reformatory ("KSR"). This matter is before the Court for initial screening pursuant to 28 U.S.C. § 1915(e)(2), 42 U.S.C. § 1997(e), and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). Because Plaintiff failed to demonstrate exhaustion of available administrative remedies, the instant action will be dismissed without prejudice.

### I.

Seeking damages and injunctive relief, Plaintiff brings this civil rights action against KSR Corrections Officer Nancy Bowman and all Jane and John Does who worked the 2nd-shift in "Unit D Seg" on May 14, 2006. Plaintiff claims that on that date, Defendant Bowman went to "Seg 3 Walk," where Plaintiff was housed. She stopped at Plaintiff's cell and then left. A few minutes later, Sgt. John Doe went to Plaintiff's cell and told Plaintiff to remove the blanket covering the window, even though it was "very cold" that day and the windows were broken out. When Plaintiff and Sgt. Doe "got into a fuss," Plaintiff removed the blanket. Another unknown officer was called to the scene and proceeded to curse at Plaintiff. The sergeant and officer then left but returned about 45 minutes later.

Upon their return, Sgt. Doe ordered Officer Doe to handcuff Plaintiff. Officer Doe complied and then pushed Plaintiff, twice ran his forehead into the doorframe, and threw him on the floor. Plaintiff reports a swollen forehead and marks on his arms and legs as a result of the incident. Plaintiff further claims that he was left in "a chair stripped down for hours" in urine and verbally harassed. Plaintiff claims that Sgt. Doe denied witnessing the incident and that the warden did not believe the incident occurred.

## II.

At the outset, the Court notes that Plaintiff failed to set forth the basis of this Court's jurisdiction. Nevertheless, because he alleges a violation of his civil rights by state officers, the Court construes the action as being brought under 42 U.S.C. § 1983, and this Court possesses federal question jurisdiction over such cases pursuant to 28 U.S.C. § 1331. Although Plaintiff has overcome the jurisdictional hurdle, he has failed to demonstrate compliance with the statutorily mandated exhaustion requirement.

The Prison Litigation Reform Act of 1995 ("PLRA") established an administrative exhaustion requirement codified at 42 U.S.C. § 1997e(a). Section 1997e(a) provides, "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." In enacting this provision, Congress imposed a prerequisite upon prisoners seeking to bring conditions-of-confinement claims under 42 U.S.C. § 1983. *Porter v. Nussle*, 534 U.S. 516, 524 (2002). The exhaustion of administrative remedies is now mandatory, rather than discretionary. *Id.*; *Brown v. Toombs*, 139 F.3d 1102 (6th Cir. 1998).

"[T]he PLRA exhaustion requirement requires proper exhaustion." *Woodford v. Ngo*, — S. Ct. — , 2006 WL 1698937, at *7 (U.S. June 22, 2006) (No. 05-416). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Id.* at *5. And complete exhaustion of administrative remedies is required even if the administrative process cannot provide the plaintiff with the relief he seeks. *Booth v. Churner*, 532 U.S. 731, 741 (2001).

The plaintiff has the burden of pleading exhaustion of administrative remedies. *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000). To establish exhaustion of available administrative remedies, a prisoner should attach to the complaint any decision demonstrating the administrative disposition of his claims. *Wyatt v. Leonard*, 193 F.3d 876, 878 (6th Cir. 1999); *Brown*, 139 F.3d at 1104. If written documentation is not available, a prisoner must describe with specificity the administrative proceeding and its outcome. *Knuckles El*, 215 F.3d at 642.

The Kentucky Department of Corrections has a multi-step grievance mechanism in place to process inmate grievances. The grievance process is set forth in Policy Number 14.6 VI(J) of the Corrections Policies and Procedures ("CPP"). After the inmate properly completes a grievance form, he must first attempt to resolve the grievance through the informal resolution process. If the matter cannot be resolved at the informal level, the inmate may make a formal request to the Grievance Coordinator that a hearing be held. The second step of the process requires the Grievance Committee to hold a hearing concerning the matter. The Committee thereafter makes a recommendation. If the inmate disagrees with the recommendation, he may

appeal the decision to the warden. At step three of the process, the warden reviews the grievance and makes a decision regarding the appeal. If an inmate is not satisfied with the warden's decision, the inmate may appeal that decision to the Commissioner for the Department of Corrections. At step four of the process, the Commissioner reviews the grievance appeal and issues a decision. Exhaustion is complete when an inmate has presented his claim through each step of the process to the Commissioner.

In the instant action, Plaintiff has wholly failed to meet his burden of pleading exhaustion of available administrative remedies. He has failed to attach any grievance to his complaint and has failed to allege that he grieved any of his claims. "A plaintiff who fails to allege exhaustion of administrative remedies through 'particularized averments' does not state a claim on which relief may be granted, and his complaint must be dismissed *sua sponte*." *Baxter v. Rose*, 305 F.3d 486, 489 (6th Cir. 2002) (quoting *Knuckles El*, 215 F.3d at 642, and citing *Brown*, 139 F.3d at 1104).

Plaintiff's current status as a released prisoner does not excuse the exhaustion requirement, as courts are to look at a plaintiff's status at the time the complaint was filed. *Cox v. Mayer*, 332 F.3d 422, 425 (6th Cir. 2003) ("Because (1) plaintiff was a prisoner when he 'brought' his suit, and (2) plaintiff's suit implicates 'prison conditions,' § 1997e(a) applies and plaintiff was required to exhaust any available administrative remedies before he filed suit.").[1] Because Plaintiff was a prisoner at the KSR when he "brought" his suit, exhaustion was required.

---

[1] The Sixth Circuit observed that "to excuse plaintiff's duty to exhaust in every instance would encourage all prisoners nearing completion of their sentences to eschew the grievance process in favor of the courts. Such prisoners would know that, no longer confined at the time the courts addressed their case, their failure to exhaust could be excused." *Cox*, 332 F.3d at 427.

The complaint will therefore be dismissed without prejudice pursuant to 42 U.S.C. § 1997e(a) for failure to exhaust available administrative remedies prior to filing the instant action.

The Court will enter an Order consistent with this Memorandum Opinion.

Date:

cc:  Plaintiff, *pro se*
     Defendants
     General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
4411.005