**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE**

**DONALD RAY LUCAS**                                                                                   **PLAINTIFF**

**v.**                                                                    **CIVIL ACTION NO. 3:06CV-261-S**

**NANCY BOWMAN
JANE AND JOHN DOES**                                                                             **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

By Memorandum Opinion and Order entered July 17, 2006, the Court dismissed the instant action due to Plaintiff's failure to plead exhaustion of available administrative remedies (DNs 14 & 15). Plaintiff has now filed a document essentially asking the Court to reconsider its prior decision. Because the document was filed over ten days after the entry of judgment, the Court construes the filing as a Rule 60(b) motion for relief from judgment. *See Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 268 (6th Cir. 1998) ("Where a party's Rule 59 motion is not filed within the mandatory 10-day period, it is appropriate for a court to consider the motion as a motion pursuant to Rule 60 for relief from judgment."). Plaintiff argues that he "never had a chance to file[]" a grievance as he was released shortly after the incident. Since the entry of this Court's dismissal Order, the Supreme Court in *Jones v. Bock*, -- U.S. -- ,127 S. Ct. 910, 2007 WL 135890 (U.S. Jan. 22, 2007), rejected much of the Sixth Circuit case law relied upon by this Court in rendering its decision. As relates to the instant action, the Supreme Court held "that failure to exhaust is an affirmative defense under the PLRA, and that inmates are not required to specially plead or demonstrate exhaustion in their complaints."

Irrespective, however, of whether Plaintiff exhausted his available administrative remedies, the complaint must be dismissed. First, Plaintiff failed to specify in which capacity he sued the Defendants. Absent indication to the contrary, the Court must presume that all Defendants are

being sued in their official capacities. *See Moore v. City of Harriman*, 272 F.3d 769, 773 (6th Cir. 2001); *Whittington v. Milby*, 928 F.2d 188, 193 (6th Cir. 1991). State defendants, like those named in the instant action, who are sued in their official capacities for damages are not "persons" under § 1983, and they are further immune from suit under the Eleventh Amendment. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).

In addition to damages, Plaintiff also asks that "officers Lose their jobs" (DN 1). "'In order to obtain either a preliminary or permanent injunction, [a party] must demonstrate that failure to issue the injunction is likely to result in irreparable harm.'" *United States v. Miami University*, 294 F.3d 797, 816 (6th Cir. 2002) (quoting *Kallstrom v. City of Columbus*, 136 F.3d 1055, 1068 (6th Cir. 1998)) (alteration in *Miami University*). "In addition, the party seeking injunctive relief generally must show that there is no other adequate remedy at law." *Id.* Plaintiff can demonstrate neither element. Because he is no longer incarcerated at KSR, the Court's failure to issue the requested injunctive relief will not result in irreparable harm. And because § 1983 provides an adequate means through which a plaintiff alleging constitutional violations may seek legal redress, Plaintiff has an adequate remedy at law. Plaintiff's error in failing to sue Defendants in their individual capacities for damages does not alter this conclusion.

Because Plaintiff is not entitled to the relief he seeks in the complaint, **IT IS ORDERED** that the motion for relief from judgment (DN 17) is **DENIED**.

Date:

cc:     Plaintiff, *pro se*
        General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
4411.005